**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CESAR RODRIGUEZ-AREVALO,　　:

　　　　Petitioner　　　　　　:　　CIVIL ACTION NO. 3:22-0150

v.　　　　　　　　　　　　:　　　　(JUDGE MANNION)

　　　　　　　　　　　　　:

BOBBI JO SALAMON,

　　　　　　　　　　　　　:

　　　　Respondent

**MEMORANDUM**

On January 28, 2022, Petitioner, Cesar Obdulio Rodriguez-Arevalo, a state inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges a federal indictment pending against him in the United States District Court for the Middle District of Pennsylvania, in United States v. Rodriguez-Arevalo et al., Criminal No. 1:19-cr-0281 (M.D. Pa.) (Wilson, J.). Id. The petition is ripe for disposition. For the reasons that follow, the petition for writ of habeas corpus will be dismissed as moot.

I. **Background**

On January 28, 2022, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Subsequent to the filing of his petition, on April 13,

2022, Petitioner filed an amended petition. (Doc. 10). Petitioner challenges his federal indictment as "unconstitutional" and seeks "immediate release from illegal and involuntary commitment and unlawful detention." Id.

On September 12, 2022, Petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania to one charge of reentry of deported aliens, a violation of 8 U.S.C. §1326(a). See United States v. Rodriguez-Arevalo et al., Criminal No. 1:19-cr-0281 (M.D. Pa.) (Wilson, J.). Petitioner is currently awaiting sentencing on this charge in the District Court. Id.

## II.   Discussion

Although §2241 has the capability of providing a jurisdictional basis for a challenge to confinement in violation of the Constitution prior to trial or a sentence, it does not follow that the habeas statute may be used as an end-run around criminal motion practice or appeal. See Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018).

In this case, Petitioner is no longer a pretrial detainee. He is now in custody pursuant to his guilty plea and is awaiting sentence. Accordingly, his request for pretrial federal habeas relief under §2241 is moot and the Court will dismiss the petition for that reason. See, e.g., Williams v. New Jersey, No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state

prisoner's guilty plea moots his §2241 habeas petition challenging pretrial detention); Jones v. Mullen, No. 17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018). In the event that Petitioner claims that his current detention is violative of his federal constitutional rights, he may file another petition for writ of habeas corpus.

## III.   **Conclusion**

For the foregoing reasons, Rodriguez-Arevalo's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed as moot.

An appropriate Order will issue.


_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2022**
22-0150-01

- 3 -